1  McGREGOR W. SCOTT
United States Attorney
2  KRISTIN S. DOOR SBN 84307
Assistant U.S. Attorney
3  501 I Street, Suite 10-100
Sacramento, CA 95814
4  Telephone: (916) 554-2723

5  Attorney for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>REAL PROPERTY LOCATED AT 2363 FAIRVIEW LANE, PLACER COUNTY, NEWCASTLE, CALIFORNIA, BEARING APN: 032-253-036, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>REAL PROPERTY LOCATED ON LINCOLN STREET, PLACER COUNTY, ROSEVILLE, CALIFORNIA, BEARING APN: 012-200-010, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>            Defendants. | **2:04-CV-1867-WBS-JFM**<br><br>**STIPULATION FOR EXPEDITED SETTLEMENT BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND WORLD SAVINGS BANK AND ORDER THEREON** |
|---|---|

   IT IS HEREBY STIPULATED by and between plaintiff United States of America and claimant World Savings Bank ("World"), through their respective counsel of record, that World has a valid pre-existing mortgage lien on the defendant real property which is not contested by plaintiff.

   Plaintiff United States of America and claimant World further stipulate that:

1. Any violations of 21 U.S.C. § 881 (a)(6) and (7) involving the defendant property located at 2363 Fairview Lane, Placer County, Newcastle, California, occurred without the knowledge and consent of World.

2. Plaintiff United States agrees that upon entry of a final order of forfeiture in favor of the United States, plaintiff, through the United States Marshals Service or its agent(s), shall undertake to sell the defendant real property in a commercially reasonable manner and to sell said property at a private sale for fair market value (the "Purchase Price"). The following costs and expenses of sale shall be deducted from the Purchase Price and paid directly out of escrow in the following order and to the extent that funds are available:

    (a) First, the costs incurred by the United States Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance;

    (b) Second, to the Placer County Tax Collector (for real property taxes) of all real property taxes assessed and unpaid against the defendant real property prorated to the date of entry of the final order of forfeiture;

    (c) Third, the costs and expenses associated with the sale of the real property.

    (d) Fourth, any county transfer taxes.

    (c) Fifth, to World as follows:

        (i) all unpaid principal due to World under the promissory note dated June 9, 2004, a true and correct copy of which is attached hereto as Exhibit "A" ("Note"), and which is

2

1 secured by a deed of trust dated June 9, 2004, and recorded June
2 11, 2004, as instrument number 2004-0076837 of the Official
3 Records of Placer County, California ("Deed of Trust "), a true
4 and correct copy of which is attached hereto as Exhibit "B".
5      (ii)  all unpaid interest due as of the date of
6 the closing of the sale of the defendant real property at the
7 contractual (not default) adjustable rate under the above-
8 referenced Note;
9      (iii) all fees, costs, and advances, including but
10 not limited to prepayment fees, taxes and hazard insurance as
11 provided under the terms of the Note and Deed of Trust.
12   3.   The payment to World shall be in full settlement and
13 satisfaction of any and all claims by World to the defendant
14 property and all claims resulting from the incidents or
15 circumstances giving rise to this lawsuit.
16   4.   Upon payment, claimant World agrees to assign and
17 convey its security interest to the United States via recordable
18 documents and to release and hold harmless the United States, and
19 any agents, servants, and employees of the United States, (or any
20 state or local law enforcement agency) acting in their individual
21 or official capacities, from any and all claims by the financial
22 institution and its agents which currently exist or which may
23 arise as a result of the government's action against the
24 property.
25   5.   In the event it is determined that the proceeds of a
26 sale of defendant real property would be insufficient to pay
27 World in full as set forth in ¶ 2(c) (i)-(iii), above, after the
28

1  disbursements described in ¶ 2 (a)-(c)  hereinabove are made,
2  the plaintiff United States agrees stipulate to a release of its
3  interest in the defendant real property and consent to the
4  exercise of World's state law rights to foreclose upon its deed
5  of trust which secures the obligation to World.
6      6.   Claimant World agrees not to pursue against the United
7  States any other rights that it may have under the mortgage
8  instrument, including, but not limited to, the right to initiate
9  a foreclosure action without the consent of the United States
10 Attorney's Office or this Court.
11     7.   Claimant World agrees to notify the United States
12 Attorney at the end of the first payment cycle in which a payment
13 in not made under the terms specified in the security instrument
14 and promissory note.  Claimant further agrees to join any
15 government motions for interlocutory or stipulated sale of the
16 defendant property and any motions to remove occupants from the
17 property for nonpayment of mortgage or rent, destruction of
18 property, or other just cause.
19     8.   Claimant World understands and agrees that by entering
20 into this stipulation of its interests in the defendant real
21 property, it waives any rights to further litigate against the
22 United States and its interest in the defendant and to petition
23 for remission or mitigation of the forfeiture.  Unless otherwise
24 provided by this Stipulation or specifically directed by order of
25 this Court, World is hereby excused and relieved from further
26 participation in this action.

4

10. World understands and agrees that the United States reserves the right to void the expedited settlement agreement if, before payments of the mortgage or lien, the U.S. Attorney obtains new information indicating that the mortgagee or lienholder is not an "innocent owner: or "bona fide purchaser" pursuant to applicable forfeiture statutes.  The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the subject property. In either event, the United States shall promptly notify of the mortgagee or lienholder of such action.  A discretionary termination of forfeiture shall not be a basis for any award of fees under 28 U.S.C. § 2465.

11. The parties agree to execute further documents, to the extent necessary, to convey clear title to the defendant real property to the United States and to further implement the terms of this stipulation.

12. The terms of this Stipulation are contingent upon forfeiture of the defendant real property to the United States and the Court's entry of a final judgment of forfeiture.

Dated: June 16, 2005           McGREGOR W. SCOTT
                               United States Attorney

                               /s/ Kristin S. Door
                    By         _____
                               KRISTIN S. DOOR
                               Assistant Unites States
                               Attorney
                               Attorney for Plaintiff

//

//

5

```
Dated: June 13, 2005
                                      /s/ Sharon C. Dutton
                     By              _____
                                      SHARON C. DUTTON
                                      Attorneys for Claimant
                                      World Savings Bank, FSB

                                      (original signature retained
                                      by attorney)


                          ORDER

SO ORDERED   this 17th day of June, 2005
```

*[signature: William B. Shubb]*

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE