1  McGREGOR W. SCOTT
   United States Attorney
2  KRISTIN S. DOOR SBN 84307
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2723

5  Attorney for Plaintiff
   United States of America

6

7

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                    EASTERN DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,
                                          **2:04-CV-1867 WBS/JFM**
11            Plaintiff,
                                          **STIPULATION FOR EXPEDITED**
12      v.                                **SETTLEMENT BETWEEN PLAINTIFF**
                                          **UNITED STATES OF AMERICA AND**
13 REAL PROPERTY LOCATED AT 2363          **AMERICAN RIVER BANK AND ORDER**
   FAIRVIEW LANE, PLACER COUNTY,          **THEREON**
14 NEWCASTLE, CALIFORNIA, BEARING
   APN: 032-253-036, INCLUDING ALL
15 APPURTENANCES AND IMPROVEMENTS
   THERETO,
16
   REAL PROPERTY LOCATED ON LINCOLN
17 STREET, PLACER COUNTY,
   ROSEVILLE, CALIFORNIA, BEARING
18 APN: 012-200-010, INCLUDING ALL
   APPURTENANCES AND IMPROVEMENTS
19 THERETO,

20            Defendants.

21

22     IT IS HEREBY STIPULATED by and between plaintiff United

23 States of America and claimant American River Bank ("American

24 River"), through their respective counsel of record, that

25 American River has a valid pre-existing mortgage lien on the

26 defendant real property described in this Stipulation, which is

27 not contested by plaintiff.

28

Plaintiff United States of America and claimant American River further stipulate that:

1. Any violations of 21 U.S.C. § 881(a)(6) and (7) involving the defendant property located at 323 through 329 Lincoln Street, Roseville, California, Placer County APN 012-200-010, occurred without the knowledge and consent of American River.

2. Plaintiff United States agrees that upon entry of a final order of forfeiture in favor of the United States, plaintiff, through the United States Marshals Service or its agent(s), shall undertake to sell the defendant real property in a commercially reasonable manner and to sell said property at a private sale for fair market value (the "Purchase Price"). The following costs and expenses of sale shall be deducted from the Purchase Price and paid directly out of escrow in the following order:

    (a) First, the costs incurred by the United States Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance;

    (b) Second, to the Placer County Tax Collector (for real property taxes) of all real property taxes assessed and unpaid against the defendant real property prorated to the date of entry of the final order of forfeiture;

    (c) Third, the costs and expenses associated with the sale of the real property.

    (d) Fourth, any county transfer taxes.

    (e) Fifth, to American River as follows:

    (i) all unpaid principal due to American River under the Promissory Note dated May 11, 2004, in the original principal amount of $250,000.00, a true and correct copy of which is attached hereto as Exhibit "A" ("Note"), and which is secured by a Deed of Trust dated May 11, 2004, recorded May 14, 2004, as instrument number 2004-0061481 of the Official Records of Placer County, California ("Deed of Trust "), a true and correct copy of which is attached hereto as Exhibit "B", and by an Assignment Of Rents dated May 11, 2004, recorded May 14, 2004, as instrument number 2004-0061482 of the Official Records of Placer County, California("Assignment of Rents"), a true and correct copy of which is attached hereto as Exhibit "C".

    (ii) all unpaid interest due as of the date of the closing of the sale of the defendant real property at the contractual (not default) adjustable rate under the above-referenced Note;

    (iii) all fees, costs, and advances, including but not limited to reasonable attorney fees, prepayment fees, taxes and hazard insurance as provided under the terms of the Note and Deed of Trust.

  3. The payment to American River shall be in full settlement and satisfaction of any and all claims by American River to the defendant property and all claims resulting from the incidents or circumstances giving rise to this lawsuit.

  4. Upon payment in full as set forth in ¶ 2(e) (I)-(iii), above, claimant American River agrees to assign and convey its security interest to the United States via recordable documents and to release and hold harmless the United States, and any

agents, servants, and employees of the United States, (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by the American River and its agents which currently exist or which may arise as a result of the government's action against the property.

5. In the event it is determined that the proceeds of a sale of defendant real property would be insufficient to pay American River in full as set forth in ¶ 2(e) (I)-(iii), above, after the disbursements described in ¶ 2 (a)-(d) hereinabove are made, the plaintiff United States agrees to release its interest in the defendant real property and consent to the exercise of American River's state law rights to foreclose upon its deed of trust which secures the obligation to American River. Plaintiff shall not enter into a binding agreement to sell the defendant real property unless the proceeds of such sale are sufficient to pay American River in full as set forth in ¶ 2(e) (I)-(iii, unless American River otherwise consents in writing.

6. Claimant American River agrees not to pursue against the United States any other rights that it may have under the mortgage instrument, including, but not limited to, the right to initiate a foreclosure action without the consent of the United States Attorney's Office or this Court.

7. Claimant American River agrees to notify the United States Attorney at the end of the first payment cycle in which a payment in not made under the terms specified in the security instrument and promissory note. Claimant further agrees to join any government motions for interlocutory or stipulated sale of

4

1 the defendant property if the proceeds of such sale will be
2 sufficient to pay American River in full as set forth in ¶ 2(e)
3 (I)-(iii), and any motions to remove occupants from the property
4 for nonpayment of mortgage or rent, destruction of property, or
5 other just cause.

6   8.  Claimant American River understands and agrees that by
7 entering into this stipulation of its interests in the defendant
8 real property, it waives any rights to further litigate against
9 the United States and its interest in the defendant and to
10 petition for remission or mitigation of the forfeiture.  Unless
11 otherwise provided by this Stipulation or specifically directed
12 by order of this Court, American River is hereby excused and
13 relieved from further participation in this action.

14   9.  American River understands and agrees that the United
15 States reserves the right to void the expedited settlement
16 agreement if, before payments of the mortgage or lien, the U.S.
17 Attorney obtains new information indicating that the mortgagee or
18 lienholder is not an "innocent owner: or "bona fide purchaser"
19 pursuant to applicable forfeiture statutes.  The U.S. Attorney
20 also reserves the right, in its discretion, to terminate the
21 forfeiture at any time and release the subject property. In
22 either event, the United States shall promptly notify the
23 mortgagee or lienholder of such action.  A discretionary
24 termination of forfeiture shall not be a basis for any award of
25 fees under 28 U.S.C. § 2465.

26   10.  The parties agree to execute further documents, to the
27 extent necessary, to convey clear title to the defendant real
28

5

property to the United States and to further implement the terms of this stipulation.

11. The terms of this Stipulation are contingent upon forfeiture of the defendant real property to the United States and the Court's entry of a final judgment of forfeiture.

Dated: Aug. 9 , 2005         McGREGOR W. SCOTT
                              United States Attorney

                       By  /s/ Kristin S. Door
                           KRISTIN S. DOOR
                           Assistant Unites States Attorney
                           Attorney for Plaintiff

Dated: Sept. 21 , 2005

                       By  /s/ Paul J. Dutra
                           PAUL J. DUTRA
                           Dutra & Oates
                           Attorneys for Claimant
                           American River Bank

                       (original signature retained by attorney)

ORDER

SO ORDERED this 29th day of September, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6