LAWRENCE G. BROWN
Acting United States Attorney
KRISTIN S. DOOR SBN 84307
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2723

Attorney for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

REAL PROPERTY LOCATED AT 2363
FAIRVIEW LANE, PLACER COUNTY,
NEWCASTLE, CALIFORNIA, BEARING
APN: 032-253-036, INCLUDING ALL
APPURTENANCES AND IMPROVEMENTS
THERETO,

REAL PROPERTY LOCATED ON LINCOLN
STREET, PLACER COUNTY,
ROSEVILLE, CALIFORNIA, BEARING
APN: 012-200-010, INCLUDING ALL
APPURTENANCES AND IMPROVEMENTS
THERETO,

Defendants.

2:04-CV-1867 **WBS/JFM**

**STIPULATION FOR PROTECTIVE
ORDER AND ORDER**

Plaintiff United States of America, claimants Richard Ryan
and Barbara Ryan, claimant American River Bank ("ARB"), and
claimant City of Roseville Redevelopment Agency ("Roseville")
hereby stipulate to the following protective order:

1.   Claimant Richard Ryan ("Ryan") is the owner of the
defendant real property described above as "Real Property Located
On Lincoln Street, Placer County, Roseville, California, bearing

APN: 012-200-010, Including All Appurtenances and Improvements Thereto (hereafter "defendant property").

2. Claimants ARB and Roseville are beneficiaries under separate deeds of trust encumbering the defendant real property.

3. Claimant Barbara Ryan also claims to be the beneficiary of a deed of trust encumbering the defendant real property. Plaintiff United States disputes the validity of the underlying promissory note and the deed of trust recorded against the defendant property after this civil forfeiture action was commenced.

4. Plaintiff United States of America noticed Ryan's deposition for May 1, 2009. Plaintiff has been advised that Ryan may decline to answer many questions about this civil forfeiture action citing his Fifth Amendment right against self-incrimination.

5. Ryan's assertion of his Fifth Amendment right against self-incrimination substantially interferes with his ability to contest this forfeiture action and with plaintiff's ability to question Ryan about the Claim he filed in this action; the claim his mother, Barbara Ryan filed;[1] the Answer he filed to the forfeiture complaint; and the activities at the defendant property that are the basis for the forfeiture.

6. Plaintiff must complete Ryan's deposition in order to complete discovery. Accordingly, the parties now seek this

_____

[1] Barbara Ryan testified in her deposition that she loaned significant sums to her son, claimant Richard Ryan, over a period of time and that the deed of trust was recorded against the defendant real property to secure repayment of those debts.

protective order so that discovery can be conducted in this action.

7.   Plaintiff agrees that no testimony or documents Ryan produces in this civil forfeiture action, whether by way of discovery responses, deposition testimony, or trial testimony, shall be used by federal, state, or local authorities in connection with any criminal prosecution other than as set forth in paragraph 12 below.

8.   Except as provided in Paragraph 12, Plaintiff agrees not to provide discovery documents, discovery responses, or deposition or trial testimony to any federal, state, or local prosecutor for use in a criminal prosecution, and agrees that this material shall be used only for the purposes of the prosecution, defense, or settlement of this civil forfeiture action, and for no other purpose.

9.   Claimant Ryan understands that the material produced in discovery may be reviewed by paralegal or secretarial staff in the U.S. Attorney's Office or by law enforcement agents (federal, state, or local) solely for purposes of the prosecution, defense, or settlement of this civil forfeiture action, and for no other purpose.

10.   Nothing in this stipulation is intended to prevent a federal, state, or local law enforcement officer from attending claimant's deposition or the deposition of any witness.

11.   Nothing in this stipulation is intended to prevent the plaintiff from filing claimant's discovery responses or deposition testimony in court as exhibits to a motion such as a motion for summary judgment or motion to compel discovery,

provided however that plaintiff will request said filings to be sealed.

12. Nothing in this stipulation is intended to prevent the plaintiff from using any testimony or documents Ryan produces in this civil forfeiture action in any subsequent prosecution for perjury or false statement.

13. This order shall survive the final disposition of this case, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information produced hereunder.

Dated: April 27, 2009   LAWRENCE G. BROWN
           Acting United States Attorney


         By: /s/ Kristin S. Door
           KRISTIN S. DOOR
           Assistant U.S. Attorney


Dated: April 27, 2009   /s/ Victor S. Haltom
           VICTOR S. HALTOM
           Attorney for Claimants
           Richard Ryan and Barbara Ryan


Dated: April 28, 2009   DUTRA & OATES


        By /s/ Paul J. Dutra
           PAUL J. DUTRA
           Attorneys for claimant
           American River Bank

Dated: April 28, 2009                    MARK J. DOANE
                                         City Attorney

                               By        /s/ Michelle Sheidenberger
                                         MICHELLE SHEIDENBERGER
                                         Associate City Attorney
                                         Attorneys for the City of Roseville
                                         Redevelopment Agency

                                         (Original signatures retained
                                         by plaintiff's attorney)


IT IS SO ORDERED.


Dated:  April 30, 2009.


UNITED STATES MAGISTRATE JUDGE

/2363Fairview.po